[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to the court as a limited contested dissolution of marriage.
The parties were married on June 4, 1977. One of the parties has lived in Connecticut for at least 12 months prior to the date the action was brought. The parties have 3 minor children, issue of this marriage to wit Elizabeth Anna Cagninelli born July 21, 1980. Julia Sarah Cagninelli born July 11, 1982 and Briana Rachel Cagninelli born February 12, 1990. No other minor children have been born to the wife since the date of the marriage. Neither of the parties is presently receiving nor have they in the past, received any state welfare benefits. The court finds that it has jurisdiction.
The husband is aged 52. He is currently an executive director of the American Express Bank where he's been employed for approximately 20 years.
The wife is age 42. She is a full time mother of 3 minor daughters and is a home maker and has not been employed for the last 10 years.
The wife's last employment in 1983 was with the Connecticut Bank and Trust Company.
Elizabeth who is age 13 is in the eighth grade at Middlesex Middleschool in Darien. Julia, age 11 is in the sixth grade at Middlesex Middleschool. Brianna, age 3 is in nursery school at First Congregational Church.
The husband's annual income from employment as reflected on his financial affidavit is $250,000 based on a 3 year average.
The husband's base salary is approximately $154,000 which is paid every 2 weeks. That has been supplemented by a bonus of $100,000 in 1992 and the financial affidavit shows that for this year also.
The wife has a Master's Degree from Middlebury College and speaks French and Italian. Before the marriage the husband was working in Italy and started a portfolio in an Italian bank. That CT Page 9447 account was later transferred to Luxembourg. His testimony was that there was $145,000 in that account at the time he got married. Aside from this account the parties had no substantial assets at the time of the marriage.
The parties have indicated that their marriage has broken down irretrievably. Although they have articulated differently it is clear from the evidence that they have grown apart. Their philosophy of life has changed and they do not have the ability to communicate. The wife's major contention was that this relationship between the parties was spilling over and adversely affecting the children. The court finds that the marriage has broken down irretrievably.
The court has listened to the witnesses and reviewed all the exhibits in the case along with the claims for relief and the parties' computations of the tax analysis. In addition the court has taken into consideration all the criteria set forth in 46b-81, the Assignment of Property and Transfer of Title Statute; 46b-82, the Alimony Statute; 46b-84, the Child Support Statute; and 46b-215
the Child Support Guidelines. In addition the court has taken into consideration 46b-62, the Attorney's Fees Statute. Accordingly the court orders as follows:
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. The husband shall transfer all of his right, title and interest in and to the marital residence at 3 Petticoat Lane, Darien, Connecticut to the wife subject to the existing first mortgage in the approximate sum of $502,000. The wife shall be solely obligated for the expenses associated with the premises herein after and shall indemnify and hold the husband harmless from any liability associated with the mortgage.
The husband shall be solely obligated for all mortgage payments, real estate tax payments, and car payments incurred prior to the date of his vacating the premises. In addition he shall pay her $5,000 per month, temporary support monies in addition thereto. The husband shall vacate the premises within 20 days of the date of this decree. The wife shall then have sole and exclusive use and occupancy with the children.
3. The husband shall retain his ownership interest in and to the residence in Italy free and clear of any claim thereto by the CT Page 9448 wife.
4. The wife shall retain sole ownership of her Paine Webber account in the amount of $90,000 and $12,000 in her I.R.A. account at Shearson Lehman, all as shown on her financial affidavit.
5. The husband shall transfer to the wife within 30 days of the date of dissolution the amount of $215,000. Said monies shall be transferred from the husband's stocks and or incentives savings plan at American Express. This court shall retain jurisdiction to effectuate said transfer as necessary.
6. The court enters a Qualified Domestic Relations Order transferring 40% of the husband's interest in the American Express Retirement account to the wife being, a lifetime monthly benefit payable upon the husband's retirement.
7. The parties have agreed that the husband shall pay unallocated alimony. The court has reviewed the tax analysis provided and done its own analysis and finds that the husband shall pay during his lifetime to the wife until her death, remarriage, or cohabitation under the statute the unallocated alimony and child support sum of $100,000 per year payable in equal monthly payments of $8,333.33 per month on the first of each month commencing the first full month after the husband vacates the premises, but in no event later than December 1, 1993. The wife shall receive the children as exemptions on her tax return.
As each child reaches the age of 18 the court shall consider that as a substantial change in circumstances. The wife shall pay for the minor daughter, Brianna's nursery school out of the unallocated payments.
8. The husband shall maintain his present medical coverage for the benefit of the children until each child attains the age of 18, dies, marries, or becomes emancipated. The wife shall have the right to convert her existing group medical insurance under the husband's employment under COBRA to an individual plan at the sole expense of the wife. The husband will cooperate with the wife regarding said conversion.
The husband shall pay for the uninsured medical expenses of the minor children. Uninsured medical expenses shall be defined as medical, surgical, hospital, psychiatric, dental, optical, nursing expenses and the cost of prescriptive drugs or other prescribed CT Page 9449 medicine or medical supplies or equipment.
9. The husband shall name the wife the primary beneficiary of his existing $695,000 of life insurance for so long as he obligated to pay the wife alimony or unallocated alimony and support. Upon the termination of his alimony obligation he shall name the minor children equal beneficiaries thereof until their death, emancipation or attainment of the age of 18, whichever shall first occur. The Superior Court shall retain jurisdiction to modify this amount based on a change in circumstance.
10. The wife shall retain the lease of the 1991 Volvo station wagon and the husband shall retain the 1986 Honda Accord.
11. The parties have agreed that they can resolve the personal property items between themselves. If they are unable to resolve the personal property items other than is addressed in this decision they are referred to the Family Relations office for mediation. They then may return to the court to seek further orders if they have not resolved it at Family Relations.
12. This court has not addressed legal custody and visitation since the parties at the beginning of the case stipulated on the record concerning those issues.
13. The husband shall pay towards the wife's attorney's fees the sum of $7,500. The court has taken into consideration the relevant statutory criteria and the facts of this case and finds that if it did not order the husband to pay part of the wife's attorney's fees it would undermine its other orders. Said payment be made in 30 days from the date of this decision.
14. The husband shall be responsible for the debt shown on his financial affidavit and the wife shall be responsible for the debt shown on her financial affidavit. The court notes the husband shows no debt on his financial affidavit.
15. The husband shall hold the wife harmless from any tax responsibility on any of the joint tax returns filed by the parties during the course of the marriage.
16. The husband shall retain as his property free and clear of any claim of the wife, his interest in his stock options and his incentive savings plan at American Express. CT Page 9450
17. All other claims for relief of the parties not expressly addressed here have been rejected by this court.
KARAZIN, J.